IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (WATERLOO) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 19-CR-2075 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL SHAWN MCGUIRE, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S PREHEARING BRIEF REGARDING DETENTION**

On December 5, 2019, defendant had his initial appearance in this matter.

(DCD ).  At the initial appearance, the government moved for detention based on

18 U.S.C. §§ 3142(f)(1)(A) and 3142(f)(2)(B), arguing that the charged crime of

stalking in violation of 18 U.S.C. § 2261A constitutes crimes of violence and that

in this case there was a serious risk that defendant will obstruct or attempt to

obstruct justice, or threaten, injure, on intimidate, or attempt to threaten, injury,

or intimidate, a prospective witness.  A detention hearing has been set for

December 9, 2019, at 10:00 a.m.  In preparation for this hearing, the government

submits the following prehearing brief to address the issue of whether the charged

offenses constitute crimes of violence for the purpose of the Bail Reform Act.

*1.      Stalking Constitutes a Crime of Violence*

The Bail Reform Act governs the pretrial detention of defendants charged

in federal court.  It allows the government to seek pretrial detention of various

types of individuals and cases.  Relevant here, the government is authorized to

seek detention in a case involving "a crime of violence."  18 U.S.C. § 3142(f)(1)(A).

1

Section 3156 defines, in part, the term "crime of violence" as:

> (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
>
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense

18 U.S.C. § 3156(4). "While Clause (A) covers offenses that fall within the conventional notion of a crime of violence, Clause (B) is intended to cast a wider net, specifying that it relates to any other offense that does not necessarily involve violence but by its nature involves a substantial risk that physical force may be used in committing the offense." *United States v. Flores-Ortiz*, Crim. No. 15-605 (PAD), 2015 WL 7574765, at *3 n.2 (D.P.R. Nov. 25, 2015) (citing *United States v. Dillard*, 214 F.3d 88, 92 (2d Cir. 2000)). Commonly, Clause A is referred to as the elements clause while Clause B is referred to as the residual clause. *United States v. Kukstis*, Crim. No. 18-4174 (D. Mass. May 4, 2018). Here, the government submits that the charged stalking offenses, violations of 18 U.S.C. § 2261A, constitute crimes of violence under the residual clause because the offenses are felonies that involve a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In determining whether a crime constitutes a crime of violence, the court generally employs the categorical approach. *United States v. Bartel*, 698 F.3d 658, 661 (8th Cir. 2012). The Court looks "only to the fact of conviction and the statutory definition of the prior offense, and [does] not generally consider the particular facts disclosed by the record of conviction." *Sykes v. United States*, 131

S.Ct. 2267, 2272 (2011).  Under the categorical approach, the Court focuses on the

fact of a prior conviction and the statutory elements of the underlying offense.

*United States v. Vinton*, 631 F.3d 476, 484-85 (8th Cir. 2011).  "Case-specific facts

are . . . not [relevant] when considering the government's motion under

§ 3142(f)(1)(A) . . . ."  *United States v. Singleton*, 182 F.3d 7, 12 (D.C. Cir. 1999).

Nor does the Court determine ""whether the statutory elements of a crime require

(or entail) the creation of such a risk in each case that the crime covers."  *Sessions*

*v. Dimaya*, 138 S.Ct. 1204, 1211 (2018).  "Instead, the residual clause inquiry turns

on the 'nature of the offense' generally speaking, requiring the court to determine

whether the 'ordinary case' of an offense presents a substantial risk that physical

force against the person or property of another will be used in the course of

committing the offense."  *Kukstis*, Crim. No. 18-4174, *10 (citing *Dimaya*, 138 S.Ct.

at 1211; *Johnson v. United States*, 135 S.Ct. 2551, 2557 (2015)).

Here, both types of stalking charged in the Indictment are categorically

crimes of violence.[1]  First, by its very nature, stalking involves a substantial risk

that physical force against the person or property of another may be used in the

course of committing the offense.  The interstate stalking statute (Counts 1 and 3)

requires proof that a defendant undertook interstate travel with "the intent to kill,

injure, harass, intimidate, or place under surveillance with intent to kill, injure,

harass, or intimidate another person" and during the course of that travel:

> (A) places that person in reasonable fear of the death of, or serious bodily
> injury to —

---

[1] Because the government argues stalking is categorically a crime of violence, it does not address
whether the Court can employ the modified categorical approach to determine whether stalking
constitutes a crime of violence.

(i) that person;

(ii) an immediate family member (as defined in section 115) of that person;
(iii) a spouse or intimate partner of that person; or
(iv) the pet, service animal, emotional support animal, or horse of that person; or

(B) causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of subparagraph (A)

18 U.S.C. § 2261A(1).  While the cyber stalking statute (Count 2) requires proof of conduct undertaken with, "the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person."  18 U.S.C. § 2261A(2).  "Conduct intended to "kill, injure, harass, or intimidate" another implicates categorically a substantial risk of the use of physical force during the course of stalking." *Kukstis*, Crim. No. 18-4174, *10.  As explained by the Magistrate Judge in *Kukstis*:

> In dissent in *Malta-Espinoza v. Gonzales*, 478 F.3d 1080 (9th Cir. 2007), District Judge Duffy, citing to reports from both the National Institute of Justice and Centers for Disease Control and Prevention, and a U.S. Department of Justice Report to Congress, characterized stalking as a "far more personal crime [than burglary].  The stalker often seeks a sense of power over his victim, usually through fear." *Id*. at 1086 (Duffy, J., dissenting).  Judge Duffy also cited the following statistics, which the undersigned finds instructive: 46% of stalking victims experience one or more violent incidents by the stalker, approximately 29% of stalkers vandalize the victim's property, and 9% of stalkers kill or threaten to kill the family's pets. *Id*. at 1087.  Finally, Judge Duffy recounted statements from the reports mentioned above that "because stalking, by definition, requires repeated victimization, it is intuitive that there is an increased opportunity for violence." *Id*.  This observation dovetails with the text of the provision of the stalking statute at issue here, that is, that a person "engage in a course of conduct that . . . causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress."

*Id.* at *10-11. And a similar conclusion was reached in *United States v. Shrader*, 2010 WL 503092 (S.D. W. Va. Feb. 8, 2010), where the court noted that the language "kill, injure, harass . . . or cause substantial emotional distress . . . involve a substantial risk of physical force." *Id.* at *3. *See also United States v. Harrison*, 354 F.Supp.3d 270, 278 (W.D.N.Y. Dec. 6, 2018) (holding "cyberstalking in violation of 18 U.S.C. § 2261A(2) categorically involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense, so that pretrial detention is available pursuant to 18 U.S.C. § 3142(f)(1)(A) to address pretrial dangers posed by release of a defendant pending trial"); *United States v. Thomason*, 2019 WL 2206780, *1 (D. Minn. May 22, 2019) (noting that the "parties agree that interstate stalking is a crime of violence . . . such that a person convicted of that crime is subject to mandatory detention under § 3143(a)(2).").

In addition, the legislative history supports the conclusion that stalking is a crime of violence. Congress enacted 18 U.S.C. § 2261A as part of the Violence Against Women Reauthorization Act of 2005, "federal legislation specifically intended to address the problem of domestic violence and reduce violent crime against women." *United States v. Grooms*, 2015 WL 1982097, *5 (S.D. W. Va. April 29, 2015). In finding that stalking constituted a crime of violence, the *Grooms* court noted:

> Acknowledging the sobering statistic that nearly one third of American women report physical or sexual abuse by a husband or boyfriend at some point in their lives, the Act implicitly recognizes that stalking and cyberstalking are crimes of violence, like sexual assault, domestic battery, and dating violence, which require the appropriation of funds for the creation

5

of hotlines, education, training, prosecution, and punishment.  Therefore, it is both illogical and counterintuitive to conclude that the Government is precluded from requesting a detention hearing in the case of an alleged offender who fails to meet the other eligibility criteria contained in 18 U.S.C. § 18 U.S.C. § 3142(f).

*Id.* at \*5 (internal citations omitted).

Finally, this Court has previously found that a violation of 18 U.S.C. § 2261A constitutes a crime of violence.  *See United States v. Neuzil*, 2009 WL 2030373 (N.D. Iowa July 13, 2009).  Given the nature of a stalking charge, there is a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.  Consequently, it constitutes a crime of violence for the purpose of the Bail Reform Act.

> **2.**     ***The Residual Clause of the Bail Reform Act is Not Unconstitutionally Vague***

In the past several years, the Supreme Court has found that various residual clauses are unconstitutionally vague.  For example, in *Johnson v. United States*, the Supreme Court held that the residual clause in the definition of "violent felony" in the Armed Career Criminal Act was unconstitutionally vague.  135 S.Ct. 2251, 2563 (2015).  In *Sessions v. Dimaya*, the Supreme Court held that the residual clause of the federal criminal code's definition of "crime of violence," as incorporated into the Immigration and Nationality Act's definition of "aggravated felony," unconstitutionally vague.  138 S.Ct. 1204, 1223 (2018).  And this year, the Supreme Court held that the residual clause contained in 18 U.S.C. § 924(c)(3)(B) was likewise unconstitutionally vague.  *United States v. Davis*, 139 S.Ct. 2319, 2336 (2019).

However, these recent decision do not control whether the residual clause in the Bail Reform Act survives. This is because "the degree of vagueness that the Constitution allows depends in part on the nature of the enactment." *Dimaya*, 138 S. Ct. at 1212 (internal brackets and quotation marks omitted). "Generally, we are to express 'greater tolerance' for vagueness in statutes that impose civil, rather than criminal, penalties 'because the consequences of imprecision are qualitatively less severe.'" *United States v. Watkins*, 940 F.3d 152, 159 (2nd Cir. 2019).

Such was the case in *United States v. Beckles*, where the Supreme Court held that the residual clause contained in the career offender definition of the United States Sentencing Guidelines was not subjected to a void-for-vagueness attack. 137 S. Ct. 886, 892 (2017). The Court held that because the guidelines "merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge." *Id.* 894. The Court further noted that, the "advisory Guidelines also do not implicate the twin concerns underlying vagueness doctrine – providing notice and preventing arbitrary enforcement." *Id.*

In fact, the *Beckles* Court noted that the only two types of criminal laws that it has invalidated as "void for vagueness" are "laws that *define* criminal offenses and laws that *fix the permissible sentences* for criminal offenses." *Id.* at 892. Applying these guiding principles to the Bail Reform Act, the residual clause is not susceptible to a void for vagueness challenge. The Bail Reform Act does not "define criminal offenses" or "fix the permissible sentences for criminal offenses." Rather, it "merely performs a gate-keeping function by narrowing the types of offenses that render an arrestee eligible for a detention hearing." *Watkins*, 940 F.3d at 160. And

7

even if an arrestee is eligible for detention, the Bail Reform Act still requires a judicial determination on whether detention is appropriate in a qualifying case. "In sum, it is never a foregone conclusion that an arrestee subject to a detention hearing under § 3142(f)(1) will be detained before trial." *Id.* at 160-61.

Nor does the Bail Reform Act implicate "the twin concerns underlying vagueness doctrine." Find that the Bail Reform Act was not amenable to a due process challenge, the Second Circuit held:

> Additionally, like the Guidelines, § 3142(f)(1) of the Bail Reform Act does not implicate the dual concerns underlying the void-for-vagueness doctrine: fair notice and preventing arbitrary enforcement. The purpose of the fair notice requirement is to enable the ordinary citizen to conform his or her conduct to the law. In other words, it would be unfair to punish someone if he could not know that his conduct was proscribed or the possible range of punishment to which he would be exposed. Section 3142(f)(1) does not, however, proscribe conduct or set punishment. Indeed, as the Supreme Court explained in *United States v. Salerno*, pretrial detention does not constitute punishment at all. Rather, pretrial detention is regulatory in nature because it serves a pressing societal problem of preventing danger to the community. Thus, the distinct character of non-punitive pretrial detention does not trigger the same constitutional concerns as the indisputably punitive post-conviction sentence. Moreover, as a practical matter, we cannot imagine that an individual conforms his conduct in order to avoid pretrial detention rather than, say, post-conviction incarceration.
>
> Finally, the Bail Reform Act does not invite arbitrary enforcement within the meaning of the Supreme Court's case law because it does not leave the judicial officer free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case, nor does it permit a judicial officer to prescribe the sentences or sentencing range available. The Act merely empowers the court to hold a hearing that is itself guided by the statutory requirements established in § 3142(g).

*Watkins*, 940 F.3d at 161 (internal citations and quotations omitted).

Because the Bail Reform Act does not (1) define criminal offenses; (2) fix penalties; or (3) implicate the concerns underlying vagueness doctrine it is not

vulnerable to a due process challenge.  Consequently, the Court may rely on the residual clause to determine whether a crime constitutes a crime of violence for the purpose of § 3142(f).

For the purposes of the Bail Reform Act, stalking (either interstate or cyber) constitutes a crime of violence.  Because the crime involves a crime of violence, detention is authorized under 18 U.S.C. § 3142(f)(1)(A).

Respectfully submitted,

PETER E. DEEGAN, JR.
United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2019
I electronically filed the foregoing with the
Clerk of Court using the ECF system
which will send notification of such filing
to the parties or attorneys of record.

By, *s/ Lisa C. Williams*

LISA C. WILLIAMS
Assistant United States Attorney
111 7th Avenue SE; Box 1
Cedar Rapids, IA  52401
319-363-6333
319-363-1990 (fax)
lisa.williams@usdoj.gov