# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 19-CR-2075-CJW-MAR |
| vs. | **ORDER** |
| MICHAEL SHAWN MCGUIRE, | |
| Defendant. | |

This matter is before the Court on a Report and Recommendation ("R&R") of the Honorable Mark A. Roberts, United States Magistrate Judge. (Doc. 58). On June 8, 2020, defendant filed a motion to suppress his own prior deposition testimony in *State of Iowa v. Ralph Flugee*, an unrelated criminal case in state court. (Docs. 51 & 52). On June 12, 2020, the government timely filed a resistance. (Doc. 53). On June 24, 2020, Judge Roberts held a hearing on the motion. (Doc. 57).

On July 13, 2020, Judge Roberts issued his R&R, recommending that the Court deny defendant's motion to suppress. (Doc. 58). Specifically, Judge Roberts held that: (1) the dual sovereignty doctrine separates the state and federal offenses here such that defendant's Sixth Amendment right to counsel did not attach for purposes of the federal prosecution (*Id.*, at 8–13); (2) that, in the alternative, defendant's right to counsel did not attach because the federal and Minnesota stalking offense at issue are distinct under the *Blockburger* test (*Id.*, at 13–23); and (3) that, even if defendant's right to counsel attached, the government did not violate that right because defendant's statements at the deposition were not the product of government action but instead merely a non-governmental third party (*Id.*, at 24–30). Thus, Judge Roberts concluded defendant's right to counsel never attached and, even if it did, it was not violated by virtue of the

deposition.  (*Id.*, at 30).

In his R&R, Judge Roberts provided the parties with a shortened time period to file objections because of the proximity of the trial date.  Instead of the usual fourteen-day deadline, Judge Roberts gave the parties seven days.  (*Id.*, at 30).[1]  Thus, the deadline for the parties to file objections to Judge Roberts' R&R was Monday, July 20, 2020.

The time to object to the R&R has expired, and neither party has filed any objections.  Thus, the parties have waived their right to a de novo review of the R&R. *See, e.g.*, *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001) ("Appellant's failure to file any objections waived his right to de novo review by the district court of any portion of the report and recommendation of the magistrate judge as well as his right to appeal from the findings of fact contained therein." (citation and internal quotation marks omitted)).  Accordingly, the Court reviews Judge Roberts' R&R for plain error. *Id.*  The Court finds no plain error in Judge Roberts' decision.  Accordingly, the Court **adopts** the factual findings and legal conclusions in the R&R without modification. Defendant's motion to suppress (Doc. 51) is **denied**.

**IT IS SO ORDERED** this 22nd day of July, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

---

[1] Judge Roberts emphasized the shortened deadline by capitalizing and bolding the word "**SEVEN**."  (Doc. 58, at 30).